United States District Court
Southern District of Texas
**ENTERED**
September 24, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ISMAEL SANTOS SANTOS,** | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-CV-06475** |
| | § | |
| **MARKWAYNE MULLIN, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |
| | § | |
| | § | |

**ORDER**

Before the Court is Petitioner Ismael Santos Santos's Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion to Stay and, In the Alternative, Motion to Dismiss and/or for Summary Judgment (ECF No. 5). For the following reasons, the Court **GRANTS** the Petition for Habeas Corpus and **DENIES** Respondents' Motion to Stay, Motion to Dismiss, and Motion for Summary Judgment.

## I. BACKGROUND

Respondents did not dispute the following facts. Petitioner is a citizen of Mexico who has resided in the United States since 2007. ECF No. 1 ¶ 41. He has no reported criminal history. *Id* ¶ 44. On July 6, 2026, Petitioner was taken into immigration custody and has been in custody since that date without an individualized bond determination. *Id.* ¶¶ 42, 45; ECF No. 5 at 2. On July 9, 2026, Petitioner was issued a Notice to Appear ("NTA") which charged him with being "an alien present in the United States who has not been admitted or paroled." ECF No. 5 at 16 (Exhibit 1); ECF No. 1 ¶ 43. Petitioner's removal proceedings are ongoing. ECF No. 1 ¶¶ 45. Respondents'

position is that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. 5 at 6.

## II. RESPONDENTS' REQUEST FOR A STAY IS DENIED

Respondents request that the Court stay its ruling on Petitioner's habeas petition in light of the Fifth Circuit's published order granting the Government's motion for stay of the district court judgments pending the Fifth Circuit's *en banc* decision in *Sosnava Rodriguez*. *See Rodriguez v. Ortega*, ---F.4th---, 2026 WL 2104747 (5th Cir. July 21, 2026) ("Appellants' opposed motion for stay of the district court judgments pending rehearing *en banc* is GRANTED."). On August 27, 2026, the Fifth Circuit published another order granting stays in the following consolidated cases pending the en banc resolution of *Rodriguez v. Ortega*: *Tolentino-Rodriguez*, *Gonzalez Gonzalez*, and *Perozo-Mata*. *See Tolentino-Rodriguez v. Blanche*, No. 26-20424, Dkt. 32, at 3 (5th Cir. Aug. 27, 2026) (per curiam).

The Fifth Circuit's published stay order in *Tolentino-Rodriguez v. Blanche* stays the appeal of three cases from this Court pending the resolution of *Rodriguez v. Ortega*. No. 26-20424, Dkt. 32, at 3 (5th Cir. Aug. 27, 2026) (per curiam). With due respect for the precedential authority of the Fifth Circuit's published orders, this Court recognizes the controlling influence of the stay in those cases. *See* 5th Cir. R. 47.5 (published decisions are precedential). The Fifth Circuit has stayed those cases, and they shall remain so, pending the resolution of *Rodriguez v. Ortega*.

However, in the instant matter, Respondents are not asking to enforce the stay in one of those three cases. Instead, Respondents appear to argue that the Fifth Circuit's one-sentence order granting a stay of the underlying district court judgments in *Sosnava Rodriguez* and the similarly unexplained order in *Tolentino-Rodriguez* have the extraordinary effect of barring all district

courts from granting habeas petitions by noncitizens detained pursuant to 8 U.S.C. § 1225(b)(2) on any due process ground.

In support of this proposition, Respondents rely on *Trump v. Boyle*, arguing that interim orders "inform how a court should exercise its equitable discretion in like cases[,]" and so this Court should stay the pending case, based on the Fifth Circuit's stay order. 145 S. Ct. 2653, 2654 (2025). However, this argument proves unavailing. The disposition of *Boyle* was "squarely controlled by *Trump v. Wilcox*, 605 U.S. ----, 145 S. Ct. 1415, 221 L.Ed.2d 985 (2025)", in which the Supreme Court weighed the risk of harm to the government against the risk of harm to the removed officer in reaching its determination on whether to issue a stay. *Id.* In other words, the Supreme Court's resolution of *Wilcox* provided reasoning and explanation from which lower courts could derive meaning and direction. That explanation is nowhere to be found in the Fifth Circuit's orders in both *Rodriguez v. Ortega* and *Tolentino-Rodriguez v. Blanche*.

The interim stay order from the Fifth Circuit is *not* a conclusive ruling on the merits. *Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025); *Merrill v. Milligan*, 142 S. Ct. 879 (2022) (Kavanaugh, J., concurring) (finding that a stay order in a voting rights case does not change any underlying substantive voting rights law). The Fifth Circuit itself has explained that "guess[ing] the meaning of unexplained grants of a stay" makes it "even more difficult rationally to order outcomes." *Selvage v. Lynaugh*, 842 F.2d 89, 94-95 (5th Cir. 1988), *vacated sub nom. on other grounds Selvage v. Collins*, 494 U.S. 108, (1990). In the face of uncertainty, the Fifth Circuit chose to "apply the settled law of our circuit until it is changed" in the pursuit of "rational and evenhanded justice." *Id*. at 95. Rather than accept the Respondent's invitation to speculate about the meaning of the Fifth Circuit's stay order, this Court joins its sister courts across the Fifth Circuit in applying the law as it currently stands. *See, e.g.*, *Angel Eduardo Chen Coy, v. Warden,*

*et al.*, 5:26-cv-00774, 2026 WL 2597945, at *2 (S.D. Tex. Sep. 2, 2026) (Kazen, J.); *Alvarado Rodriguez v. Ortega*, 1:26-CV-1903-RP (W.D. Tex. Sep 1, 2026) (Pitman, J.); *Cedillo-Cedillo v. Warden, Richwood Correctional Center, et al.*, 26-2449, 2026 WL 2771517, at *5 (W.D. La. Sep. 17, 2026) (Edwards, Jr. J.); *Guerra Estrada v. De Anda Ybarra*, No. EP-26-CV-1897-KC, 2026 WL 2168090, at *1 (W.D. Tex. July 28, 2026) (Cardone, J.); *Rodriguez v. Blanche*, No. EP-26-CV-01769-DCG, 2026 WL 2221493 (W.D. Tex. Aug. 3, 2026) (Guaderrama, J.).

Respondents ask this Court to stay proceedings in the case at bar, which is entirely unrelated to the stayed cases. The factors that a district court must consider in determining whether to stay proceedings pending the resolution of a different case are laid out in *Landis v. North American Co*. 299 U.S. 248 (1936). The Supreme Court found that "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both," and the movant's burden is especially high "if there is even a fair possibility that the stay for which he prays will work damage to some one [sic] else." *Id.* at 255. Where the stay is likely to damage another's interests, the movant must show that letting the litigation proceed would cause "hardship or inequity," *id.*, and courts have held that "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'" *Rodriguez*, 2026 WL 2221493, at *13, *quoting Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005); *see also Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 546 (5th Cir. 1983) ("Nor is there a showing that the difficulties inherent in the general situation, including potential judicial inefficiency, constitute a sufficient offset to the plaintiffs' rights to proceed without inordinate delay to a resolution of their claims").

Applying *Landis* to the present case, a detainee seeking habeas relief has a uniquely significant interest in receiving a prompt ruling with regards to his potentially unconstitutional

detention, and he suffers great damage from a delay in his proceedings. *See Harris v. Nelson*, 394 U.S. 286, 291-92, (1969) (internal citations omitted) ("[H]abeas corpus is the great and efficacious writ, in all matter of illegal confinement. . . . [T]he office of the writ is to provide a prompt and efficacious remedy for whatever society deems to be intolerable restraints. . . . [A] habeas corpus proceeding must not be allowed to founder in a procedural morass.") While Respondents have argued their countervailing interest in avoiding the burden of litigation, the Fifth Circuit has pointed out that the "basic incident[s] of litigation" cannot meet the burden of a clear case of hardship or inequity that the movant must establish for a stay of proceedings in any case, much less a case where a detainee's liberty interest is at stake. *See In re Desoto Cnty*., Mississippi, No. 26-60020, 2026 WL 147775 (5th Cir. Jan. 20, 2026). Accordingly, the case before the Court is not one of the "rare circumstances" where this extraordinary remedy is appropriate. *Landis*, 299 U.S. at 225.

The Fifth Circuit acknowledges that a district court does not "usurp" a higher court when it proceeds with other matters while a case with related legal issues awaits resolution in the court of appeals. *In re Desoto Cnty.*, 2026 WL 147775, at *2. "All federal courts—whether 'supreme' or 'inferior'—are equally 'vested' with '[t]he judicial Power of the United States.'" *Id.* (quoting U.S. CONST. art. III, § 1). Incident to that power is the "duty . . . to say what the law is." *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177 (1803). Thus, while the Fifth Circuit's *en banc* decision in *Sosnava Rodriguez* is pending for an unknown period of time, district courts continue to have, not only the ability, but the obligation to resolve unrelated cases by applying the law as it stands. This Court rejects Respondents' invitation to anticipate the outcome of *Sosnava Rodriguez* without the Fifth Circuit's guidance. For these reasons, the Motion to Stay is denied.

## III. ANALYSIS

At the outset, the Court agrees with Respondents that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) under the Fifth Circuit's precedential decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). However, the Court concludes that § 1225(b)(2) violates the Fifth Amendment's Due Process Clause as applied to Petitioner.

The Court addressed a nearly identical set of facts in *Rodriguez v. Frink*, 823 F. Supp. 3d 678, 684 (S.D. Tex. 2026) (Ellison, J.). In that case, this Court found that the petitioner's ongoing mandatory detention violated her substantive due process rights because the "detention [did] not 'bear a reasonable relation to the purpose for which she was committed.'" *Rodriguez*, 823 F. Supp. 3d at 690 (quoting *Demore v. Kim*, 538 U.S. 510, 527 (2003)). For the reasons articulated in that case, the Court reaches the same conclusion here. The Due Process Clause does not permit the government to "detain any noncitizen, no matter how long they have actually lived in the United States, for any length of time, without any individualized justification, [merely because] that person initially entered the country without lawful admission." *Id.*

## IV. REMEDY

"[I]n habeas cases where the Court finds an ongoing detention unlawful, 'the typical remedy for such detention is, of course, release.'" *Guevara Carabantes v. Bondi, et al.*, No. 1:26-CV-446-RP, 2026 WL 689995, at *5 (W.D. Tex. Mar. 5, 2026) (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).

In this case, Petitioner has been deprived of his liberty in violation of the Due Process Clause for eighty-one days. Given the severity of the ongoing unconstitutional deprivation of liberty, the Court concludes that immediate release from custody is required. The Court joins other Courts in the Fifth Circuit and elsewhere which have found immediate release appropriate in the face of similar ongoing deprivations of liberty. *See, e.g., Cruz-Reyes v. Bondi*, No. 5:26-CV-60,

2026 WL 332315, at *6 (S.D. Tex. Feb. 3, 2026) (requiring immediate release where "Petitioner ha[d] demonstrated a profound liberty interest in his freedom from civil detention and a concrete, ongoing deprivation of that liberty without any process provided by Respondents to justify his detention"); *Gonzalez v. Joyce*, No. 25 CIV. 8250 (AT), 2025 WL 2961626, at *5 (S.D.N.Y. Oct. 19, 2025) (ordering release because "[a bond] hearing is no substitute for the requirement that ICE engage in a deliberative process prior to, or contemporaneous with, the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause"); *Perdomo-Casana v. Lyons*, No. 1:26-CV-345-RP, 2026 WL 607267, at *6 (W.D. Tex. Mar. 4, 2026) (collecting cases).

The Court therefore **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within **<u>48 hours</u>**.
2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify his counsel or next friend of the time and place of his release **<u>no less than three hours</u>** prior to his release from custody.
3. Respondents must return all personal property to Petitioner upon release, including all identity documents such as a social security card, Employment Authorization Document, driver's license, and/or passport.
4. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent notice and a hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community.

The Court further **ORDERS** that Respondents file an advisory with the Court **<u>on or before September 29, 2026</u>**, informing the Court of the status of Petitioner's release.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on September 24, 2026.



Keith P. Ellison
United States District Judge